```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

PATRICIA HULS,                       :
     Plaintiff,                      :
                                     :
          v.                         :    File No. 1:05-CV-86
                                     :
FREIGHTLINER LLC and SEARS           :
MANUFACTURING COMPANY,               :
     Defendants.                     :
_____      :
```

<u>RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT</u>
(Papers 46 and 48)

Advancing theories of products liability, res ipsa loquitur, and breach of warranty, Plaintiff Patricia Huls ("Plaintiff") alleges she was injured on March 10, 2002 when the driver's seat of her 2001 Freightliner Century Class Truck ("Truck") collapsed due to a bolt in the seat air compressor system "that was either defective or not properly installed." (Paper 24 at ¶10). Defendants Freightliner LLC ("Freightliner") and Sears Manufacturing Company ("Sears") (at times collectively referred to as "Defendants") have filed two summary judgment motions.  In the first, Defendants[1] argue Plaintiff has no evidence of a defect. (Paper 46).  In the second, Sears invokes the three-year statute of limitations. (Paper 48).  For the following reasons, both motions for summary judgment are denied.

---

[1] Sears joined Freightliner's summary judgment motion. (Paper 50).

1

I.  <u>Motion for summary judgment - evidence of a defect</u>
    (Paper 46)

Defendants call Plaintiff's hand by arguing she cannot "point to a single piece of admissible evidence to support her claims of defect." (Paper 46 at 4). Under Vermont law, proof of a product defect is a necessary element to establish causation with respect to both breach of warranty and strict products liability actions and may be shown by circumstantial evidence. <u>See</u> <u>Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.</u>, 473 F.3d 450, 456 (2d Cir. 2007) (citations omitted).

Upon review of the record, the Court concludes Plaintiff has presented competent circumstantial evidence which, at a minimum, presents a material issue of disputed fact bearing on whether the bolt was defective or improperly installed. Primarily, it is disputed whether immediately after her seat collapsed, Plaintiff and her husband had their Truck serviced at Eagle Freightliner, the repair facility in La Grande, Oregon. Plaintiff's husband avers that they did and while there, he observed a technician repair the driver's seat with, among other things, a replacement bolt. The technician also allegedly told Plaintiff's husband a bolt holding the air spring had broken loose and that he had seen this problem in other trucks brought in for repair. (Paper 57, Ex. 2 at ¶¶12-15). This story, and indeed Plaintiff's overall theory of the case, is bolstered by other evidence, including: (1) dispatch records stating that on March 10, 2002, the Huls

were heading to "FRTLINER LAGRANDE" to have the seat repaired, (Paper 57, Ex. 9); (2) a March 22, 2002 service record from L&B Freightliner in Vermont indicating the bolts under the seat should be checked because "they blew out last time," (Paper 57, Ex. 11); (3) a February 2001 Field Service Campaign explaining, among other things, that the seats of certain Freightliner Trucks needed to have "the torque of the air spring mounting capscrew" checked, (Paper 57, Ex. 20); (4) the occurrence of an accident similar to Plaintiff's on November 28, 2000, (Paper 73, Ex. 30); and (5) the conclusions of Plaintiff's expert, Lester F. Whitney, that the seat collapsed in the Truck as a result of "a defect of design and/or failure to properly torque the cap screw." (Paper 73, Ex. 35).

 In response, Defendants contend the Truck was never repaired in Oregon, and by extension, that the statements were never made by the repair technician. (Papers 67-3, 67-4). Furthermore, Defendants argue the statements made by the repair technician constitute inadmissible hearsay and are therefore not relevant to the summary judgment inquiry. Of course, the affidavits stating the Truck was never repaired at the Oregon facility merely turn the question into classic jury fodder. As to the hearsay argument, it has been said that "technical rulings on the admissibility of evidence have no place in a summary judgment procedure," and "that any doubts regarding the admissibility of any evidence should be resolved in favor of admissibility." 27A.

3

Fed. Proc. § 62:708.  With this in mind, irrespective of whether the repair technician's statements are admissible under Fed. R. Evid. 801(d)(2), they would be admissible under Fed. R. Evid. 803's present sense impression because the statements "express knowledge based on [the repair technician's] direct sensory perception." Schering Corp. v. Pfizer Inc., 189 F.3d 218, 233 (2d Cir. 1999).[2]  Thus, for present purposes, the statements are considered admissible and relevant to the summary judgment inquiry.

In sum then, Defendants' motion for summary judgment is denied because Plaintiff has presented sufficient evidence in support of her theory of the case and there are material facts in dispute about whether the Truck was serviced at the Oregon facility and, if so, what was observed by Plaintiff's husband and what was said by the repair technician.

II. <u>Motion for summary judgment - statute of limitations</u>
    (Paper 48)

Sears contends Plaintiff's claims against it are barred by Vermont's three-year personal injury statute of limitations, see 12 V.S.A. § 512(4),[3] based on the fact that Plaintiff was injured

---

[2] It is noteworthy Defendants have not attempted to counter Plaintiff's argument that the present sense impression exception would apply.

[3] Sears and Plaintiff agree the three-year limitations period of § 512(4) applies with equal force to the breach of warranty claim because there is no privity of contract between them. (Paper 48 at 9); (Paper 54 at 7).

on March 10, 2002 and did not file suit against Sears until April of 2006.

Under the discovery rule, the limitations period begins to run when a plaintiff "had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for the plaintiff's injuries." Rodrigue v. Valco Enters., Inc., 169 Vt. 539, 541 (1999).  Applying this rule, the Rodrigue court found that the plaintiff was on notice to pursue the defendant once the plaintiff knew of his injury, knew of the driver who caused it, and knew the driver had been drinking at the defendant's establishment.  The holding in Rodrigue is important because it "clarified that a cause of action accrues when a plaintiff discovers that a particular defendant may have breached a duty." Earle v. State, 170 Vt. 183, 193 (1999).

The thrust of Sears' motion is that Plaintiff had enough knowledge by about March 10, 2002 to put her on notice that Sears may have been liable because by then, Plaintiff had the Truck repaired in Oregon, was told by the technician that a bolt had broken loose, and had sought care for her alleged injuries. (Paper 48 at 6).  This argument, however, seems to be at odds with Sears' position in joining Freightliner's summary judgment motion, wherein Defendants dispute that Plaintiff had the Truck repaired in Oregon on March 10, 2002.  Unable to reconcile these competing positions, the Court finds material issues of fact

remain about what information Plaintiff had and when such information, if any, was acquired.  Even setting aside this apparent discrepancy and assuming Plaintiff knew a bolt had broken loose in March of 2002, the state of the evidence is such that at least by that point, "there was no reason for plaintiff to suspect" that Sears was in any way involved or owed her a duty.  Earle, 170 Vt. at 193.

Accordingly, summary judgment is inappropriate and the determination of the start date of the statute of limitations remains a factual question that should be decided by the jury. See Pike v. Chuck's Willoughby Pub, Inc., 904 A.2d 1133, 1139 (2006) (citing Lillicrap v. Martin, 156 Vt. 165, 172 (1989)).

III. Conclusion

For these reasons, both motions for summary judgment (Papers 46 and 48) are DENIED and this case shall proceed according to the Joint Discovery Stipulation and Order currently in effect. (Paper 60).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of August, 2007.

                                       /s/ J. Garvan Murtha
                                       J. Garvan Murtha
                                       United States District Judge